UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BULENT ERTUR,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROL L. EDWARD, et al.,<br><br>            Defendants. | NO.  C05-1532JLR<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the court on Defendants' motion for summary judgment (Dkt. # 10).  Neither party has requested oral argument, and the court finds this motion suitable for disposition based on the parties' briefing and accompanying declarations.  For the reasons stated below, the court GRANTS Defendants' motion for summary judgment and directs the clerk to DISMISS this action.

## II.   BACKGROUND

The following description of Mr. Ertur's case is intended merely to provide a backdrop for the court's ultimate resolution of the motion.  The court describes the evidence (or absence of evidence) on which it ultimately decides the motion in Section III, infra.

Plaintiff Bulent Ertur is a citizen of Germany.  He resided in the United States for many years until his deportation in June 2005.  For purposes of this motion, Mr. Ertur's

ORDER- 1

immigration odyssey began in November 2001, when an immigration judge ("IJ") in Seattle entered an order of removal against him.  Mr. Ertur had applied to adjust his immigration status based on his marriage to Pam Farrel, a United States citizen.  Ms. Farrel ultimately withdrew her support from the petition, which led to the IJ's finding that he was subject to removal.

The IJ's removal order granted Mr. Ertur 60 days in which to voluntarily depart the United States.  Mr. Ertur had until December 17, 2001 to appeal his removal.  His attorney, William Frick, did not file an appeal until December 18, 2001.  On February 5, 2002, the Board of Immigration Appeals ("BIA") dismissed the untimely appeal, effectively finalizing the order of removal against Mr. Ertur.  Mr. Ertur had one year from February 5, 2002 to appeal his removal order.

In March 2002, a warrant of removal issued against Mr. Ertur, setting a March 19, 2002 date for him to report for removal.  Mr. Ertur did not report.  He was arrested on April 5, 2002.  The same day, Mr. Ertur filed a writ of habeas corpus in this district (Case No. 02-747Z).

In May 2002, Defendant Carol Edward, an experienced Seattle immigration attorney, began representing Mr. Ertur.  According to Ms. Edward, she determined upon reviewing Mr. Ertur's case that he had no realistic legal options other than accepting voluntary departure from the United States.  She pursued remedies in both the habeas proceeding and the immigration court to effect this option.  In her first filing in the habeas proceeding, Ms. Edward added a claim of ineffective assistance of counsel against Mr. Frick.  The Honorable Thomas S. Zilly struck the filing, ruling that Mr. Ertur could raise an ineffective assistance claim only by amending his habeas petition.

ORDER- 2

1   On July 4, 2002, Mr. Ertur informed Ms. Edward that he wished to re-retain Mr. Frick
2   to assist with the pending habeas petition.  By this time, Mr. Ertur and Ms. Edward's
3   attorney-client relationship had eroded substantially.  Ms. Edward was alarmed that Mr. Ertur
4   had not disclosed to her that Ms. Farrel had obtained an order of protection against him, and
5   that Mr. Ertur had been subject to protective orders from other women in the past.  She was
6   also concerned that Mr. Ertur was not paying her for her services.  She moved to withdraw as
7   Mr. Edward's counsel in the habeas proceeding on July 8, 2002.  Judge Zilly denied the
8   motion, noting that to grant it would leave Mr. Ertur in the odd position of being represented
9   by Mr. Frick, the attorney that he had previously indicated provided him ineffective
10  assistance.

11  On August 27, 2002, Ms. Edward filed an amended habeas petition, and moved again
12  for leave to withdraw as counsel.  Judge Zilly granted her request to withdraw on September
13  9, 2002.

14  Mr. Ertur continued to pursue a remedy in his habeas petition and through the
15  immigration courts.  At times, he represented himself.  On other occasions, he enlisted the
16  services of at least two other attorneys, including Ahmet Chabuk, counsel of record in this
17  matter.  Ultimately, Mr. Ertur's efforts were unsuccessful.  He was deported in June 2005.
18  He has now sued Ms. Edward for malpractice.

### III. DISCUSSION

20  At the outset, the court notes that it treats Ms. Edward's motion as one for summary
21  judgment under Fed. R. Civ. P. 56.  Ms. Edward has not answered the complaint in this
22  action, and thus brought this motion for relief under both Fed. R. Civ. P. 12(b)(6) and Fed. R.
23  Civ. P. 56.  Ms. Edward acknowledges that her motion depends on evidence outside the
24  pleadings, and thus relief under Rule 12(b)(6) is inappropriate.  The court therefore treats this

ORDER- 3

1  motion as a pre-answer summary judgment motion. See Fuller v. Frank, 916 F.2d 558, 563
2  (9th Cir. 1990)  ("[A] motion to dismiss is a proper response to a complaint, as is a motion for
3  summary judgment.").

4      In examining Ms. Edward's summary judgment motion, the court must draw all
5  inferences from the evidence in the light most favorable to the non-moving party. Addisu v.
6  Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where
7  there is no genuine issue of material fact and the moving party is entitled to judgment as a
8  matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to
9  demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477
10 U.S. 317, 323 (1986).  If the moving party meets its burden, the opposing party must show
11 that there is a genuine issue of fact.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475
12 U.S. 574, 586-87 (1986).  The opposing party must present significant and probative evidence
13 to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
14 1551, 1558 (9th Cir. 1991).  For purely legal questions, summary judgment is appropriate
15 without deference to the non-moving party.

16     In order to prevail at trial on his malpractice claim, Mr. Ertur would have to prove four
17 elements by a preponderance of evidence:

18     (1) The existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the
19     attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage
20     incurred.

21 Hizey v. Carpenter, 830 P.2d 646, 651 (Wash. 1992).  To prove proximate cause, Mr. Ertur
22 would have to prove that he would have fared better but for Ms. Edward's negligence. E.g.,
23 Daugert v. Pappas, 704 P.2d 600, 603 (Wash. 1985); Lavigne v. Chase, Haskell, Hayes &

24

25

26 ORDER- 4

1  Kalamon, P.S., 50 P.3d 306, 309 (Wash. Ct. App. 2002); Aubin v. Barton, 98 P.3d 126, 134

2  (Wash. Ct. App. 2004).

3       To decide this motion, the court need not look beyond the proximate cause element of

4  Mr. Ertur's malpractice claim.  First, it must determine if Ms. Edward has met her burden to

5  demonstrate the absence of a material issue of fact regarding whether Mr. Ertur would have

6  fared better but for her alleged malpractice.

7       Mr. Ertur's malpractice claim is based on his allegation that Ms. Edward failed to

8  raise, or advise him to raise, a claim for relief under the Violence Against Women Act

9  ("VAWA").  One provision of VAWA, 8 U.S.C. § 1186a(c)(4)(C), permits an alien who was

10  "battered by or was the subject of extreme cruelty perpetrated by his or her spouse" to obtain

11  exceptions from the laws governing adjustment of immigration status.  Mr. Ertur claims that

12  he could have raised a VAWA claim in the one-year period following the BIA's February 5,

13  2002 dismissal of his appeal of the IJ's removal order, and that Ms. Edward was negligent in

14  failing to raise the claim, or at least advise him to raise the claim.

15       Ms. Edward provides evidence that she considered a VAWA claim on Mr. Ertur's

16  behalf.  She has experience bringing VAWA claims on behalf of both male and female

17  immigration clients.  Edward Decl. at ¶ 1.  She determined that Mr. Ertur had provided no

18  evidence to support a claim that he had been "battered by" or the "subject of extreme cruelty

19  perpetrated by" his spouse, Ms. Farrel.  Id. at ¶¶ 15-16.  She also believed that a VAWA

20  claim was unlikely to succeed because other women, including Ms. Farrel, had obtained

21  restraining orders against Mr. Ertur.  The court finds this evidence sufficient to shift the

22  burden to Mr. Ertur to demonstrate the existence of a genuine issue of material fact over

23  whether he would have fared better but for Ms. Edwards' failure to raise a VAWA claim.

24

25

26  ORDER- 5

Mr. Ertur provides no evidence that he would have fared better had Ms. Edward brought a VAWA claim on his behalf.  Indeed, he makes no effort to explain how he might have obtained a better result by pursuing a VAWA claim.  Instead, he focuses on the fact that the Honorable William L. Downing of the King County Superior Court declined to enter a restraining order against Mr. Ertur when he dissolved his marriage to Ms. Farrel.  In his order, Judge Downing noted that Ms. Farrel's allegations that Mr. Ertur had a violent temper lacked credibility, and that her allegation that he was "stalking" or "harassing" her because their cars happened to pass each other was "transparently incredible."  Chabuk Decl. Ex. I (August 8, 2003 order).  While this evidence supports an inference that Mr. Ertur was not acting inappropriately toward his wife, it does not support an inference that his wife was battering him or subjecting him to extreme cruelty.  There is no such evidence in the record.   In declarations, Mr. Ertur's current attorney claims that he has "lots of evidence to indicate that Ertur was [a VAWA] victim."  Ex. K at 2.  He has not, however, shared any of that evidence with the court.  He points to a November 2002 letter from the Northwest Immigrant Rights Project, which he calls a "professional opinion . . . that Ertur should be eligible for relief under the VAWA."  Pltf.'s Opp'n at 3.   In actuality, the letter is no more than advice to Mr. Ertur about the procedural maneuvers necessary to bring a VAWA claim.  Edward Decl. Ex. S.  The letter makes no comment on the merits of his claim.  See id.  In a complaint to the Washington State Bar Association, Mr. Ertur alleged that his wife was paranoid, and that at some point in their marriage "she began to harass and control" him.  Chabuk Decl. Ex. D.  He also claims that she made false statements to the INS.  Id.  He does not, however, allege that his wife was ever violent toward him.  The court has scoured the remainder of the record and finds no evidence of violence or "extreme cruelty."  Without such evidence, Mr. Edward cannot show that he would have obtained a more favorable result in his immigration

ORDER- 6

1  proceedings. He therefore has not demonstrated a triable issue of fact over whether he would
2  have fared better but for Ms. Edward's failure to bring a VAWA claim.

3  The only other basis for Mr. Ertur's malpractice claim is his allegation that Ms.
4  Edward refused to cooperate with his new attorneys and other organizations after she
5  withdrew her representation. Again, Mr. Ertur has not supported his claim with evidence.
6  Ms. Edward, on the other hand, shows that she merely required one or more attorneys to
7  provide confirmation that they were representing Mr. Ertur before she released his file to
8  them. Edward Decl. Ex. P. Even if Mr. Ertur could characterize Ms. Edward's decision to
9  protect his confidences as negligence, he has not shown that he would have obtained a more
10 favorable result in any proceeding had Ms. Edward transferred his file faster.

11 Ms. Edward has provided sufficient evidence to shift the burden to Mr. Ertur to
12 demonstrate that he would have fared better but for her alleged malpractice. Because he has
13 not met his burden, summary judgment is appropriate. The court notes that the parties raised
14 numerous additional factual and legal issues. The court declines to reach them, as they are
15 not necessary to the disposition of the motion before the court.

16 ## IV.   CONCLUSION

17 For the reasons stated above, the court GRANTS Defendants' motion for summary
18 judgment (Dkt. # 10). The court directs the clerk to enter judgment for Defendants in
19 accordance with this order.

20 Dated this 27th day of February, 2006.

22
23 JAMES L. ROBART
United States District Judge

26 ORDER- 7