UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BULENT ERTUR,

          Plaintiff,

   v.

CAROL L. EDWARD, et al.,

          Defendants.

NO.  C05-1532JLR

ORDER

    This matter comes before the court on Plaintiff Bulent Ertur's motion for reconsideration (Dkt. # 19).  Pursuant to Local Rules W.D. Wash. CR 7(h), motions for reconsideration are disfavored, and the court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

    On February 27, 2006, the court entered an order granting Defendants' motion for summary judgment (Dkt. # 17) and directing the clerk to enter judgment for Defendants.  The order disposed of Mr. Ertur's legal malpractice claim against Defendant Carol Edward.  Although Ms. Edward presented numerous potential grounds for summary judgment, the court focused on whether Mr. Ertur had created an issue of material fact over whether he would have fared better in his immigration proceedings but for Ms. Edward's alleged malpractice.  The court held that Mr. Ertur had failed to produce evidence from which a jury

ORDER- 1

could conclude that he could have prevailed on a claim under the Violence Against Women Act ("VAWA") if Ms. Edward had made one on his behalf.

In the instant motion, Mr. Ertur points to a notice of approval of his I-360 Petition for Amerasian, Widow(er), or Special Immigrant dated April 5, 2005.  Mr. Ertur included this single-page document in his opposition to Defendants' summary judgment motion, but he provided no evidence to permit the court to assess the document's significance to his malpractice claim.  Now, Mr. Ertur has included several hundred pages of additional evidence indicating that the approval of his I-360 petition was in response to a lengthy application for relief based on Mr. Ertur's status as a spouse of a United States citizen under VAWA.  The new evidence suggests that there is at least a triable issue of fact over whether Ms. Edward could have obtained relief for Mr. Ertur under VAWA.

Mr. Ertur could have brought this evidence to the court's attention when he opposed Defendants' summary judgment motion, but he did not.  The court could exercise its discretion to refuse to reconsider its prior order because Mr. Ertur failed to diligently bring the evidence before the court.  Only the court's preference for deciding motions (particularly dispositive motions) on their merits leads it to decide otherwise.

Pursuant to Local Rules W.D. Wash. 7(h)(3), the court orders additional briefing.  Defendants shall respond to Mr. Ertur's motion for reconsideration no later than March 24, 2006.  The response shall not exceed 12 pages, and shall address the following issues:

1) whether the approval of Mr. Ertur's I-360 petition for relief under VAWA creates a triable issue over whether Mr. Ertur would have obtained a more favorable result in his immigration proceedings had Ms. Edward raised the claim on his behalf; and

ORDER- 2

1    2)   whether, assuming Ms. Edward was negligent in declining to pursue VAWA
2         relief, Mr. Ertur's opportunity to pursue such relief after her representation of
3         him ended is a complete bar to recovery on his malpractice claim.
4    Mr. Ertur may provide a reply of no more than six pages no later than March 31, 2006.
5    The court cautions both parties to support any factual assertions with admissible evidence.
6    Finally, the court notes that in Part IV of his motion for reconsideration, Mr. Ertur
7    asserts that the court has exhibited bias toward Mr. Ertur because he "has a foreign name,"
8    and his attorney has an "equally foreign name and foreign accent," and because Ms. Edward
9    is a "local attorney."  Pltf.'s Mot. at 7.  He requests that the court "recuse itself if it cannot
10   remain impartial between the parties."  Id.
11   The court construes Mr. Ertur's assertions as a request for recusal under Local Rules
12   W.D. Wash. GR 8(c).  The court has considered the request, and declines to recuse itself
13   voluntarily.  The court finds no basis for Mr. Ertur's assertions of bias.  The court notes that it
14   has never heard Mr. Ertur's attorney's voice, and thus could not have exhibited bias based on
15   his "foreign accent."  Pursuant to GR 8(c), the court refers Mr. Ertur's request for recusal to
16   the Honorable Robert S. Lasnik, Chief Judge for the United States District Court for the
17   Western District of Washington.
18   The court directs the clerk to renote Mr. Ertur's motion for reconsideration (Dkt. # 19)
19   for March 31, 2006.  The clerk shall also refer Mr. Ertur's request for recusal to Chief Judge
20   Lasnik.
21   Dated this 13th day of March, 2006.

JAMES L. ROBART
United States District Judge

ORDER- 3