1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| 9 BULENT ERTUR, a single man, | Case No. 05-1532 JLR |
| 10 Plaintiff, | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL AND MOTION TO STRIKE EXPERT REPORT OF AHMET CHABUK |
| 11 v. | |
| 12 CAROL L. EDWARD and JESSE F. BERGER, husband and wife, and the marital community composed thereof; CAROL L. EDWARD, P.S., a Washington Professional Service Corporation doing business in Washington, | **NOTED TO BE HEARD: FEBRUARY 9, 2007** |
| 13 | |
| 14 | **[NO ORAL ARGUMENT REQUESTED]** |
| 15 | |
| 16 Defendants. | |

17

18                    I.      RELIEF REQUESTED

19       Defendants Carol L. Edward and Jesse F. Berger, (hereinafter "Edward") pursuant to

20  Federal Rules of Civil Procedure 56, hereby move for a summary judgment of dismissal of

21  plaintiff's claims, with prejudice, and costs.

22       Defendants also request the "Expert Report" of Ahmet Chabuk, dated November 20,

23  2006 and filed as Docket Number 32 be stricken.

24                    II.     SUMMARY OF ARGUMENT

25       Ertur seeks to blame Edward for his being deported.  The only competent evidence of

26  record is that Ms. Edward's representation of plaintiff met the standard of care required of

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

SEA/115062/147478/CHH/370017.1

1  her and did not cause plaintiff any damages.

2       Edward represented Mr. Ertur for a brief period of time.  Prior to that representation,

3  a final order of removal (deportation) had already been entered and his prior counsel had

4  already missed the appeal date on that order.  Subsequent to her representation, Mr. Ertur

5  obtained an I360 (a special immigrant petition which allows the petitioner to be eligible for

6  consideration for entry into or to stay in the country) based upon a Violence Against Women

7  Action (VAWA) petition, but he and his counsel at the time failed to take proper steps to

8  prevent his removal.  Edward complied with the standard of care in her representation of

9  Ertur and her representation is unrelated to Mr. Ertur's claimed damages.

10       Edward supports this motion with competent and qualified expert testimony on her

11  compliance with the standard of care and establishes that there is no causal link between any

12  alleged acts or omissions by her and the damages claimed by the plaintiff.  The only expert

13  testimony offered on behalf of the plaintiff is an untimely "expert report" authored and

14  signed by plaintiff's own trial counsel.

15       Defendants submit that this matter is a legal malpractice matter where expert

16  testimony is appropriate and necessary for both the standard of care and causation.  Now,

17  after the conclusion of discovery, the plaintiff cannot raise material issues of fact to support

18  key elements of his case, and the case should be dismissed.

19       In addition, to the extent that the plaintiff relies almost exclusively on the granting of

20  an I360 based on his VAWA petition as the basis for establishing both inferences of

21  negligence and of damages, that decision is not final as it has been reopened by the

22  government and is currently being reconsidered.

23                  III.    FACTS

24      A.    Underlying Claim Facts

25       The extensive factual background and the material uncontroverted facts are set forth

26  before this Court in defendants' initial motion to dismiss already on file with this Court.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1  [Docket No. 10, pp. 4-5.] These facts are augmented by the Expert Report of Zachary

2  Nightingale, filed contemporaneously with this motion. This motion will not attempt to

3  reiterate the very detailed factual background that is already before the court, but only to

4  briefly summarize the pertinent timeline.

5      A final order of removal (deportation) had been entered against Ertur, and the appeal

6  deadline for that order had already been missed by prior counsel before Ms. Edward ever

7  represented Ertur. *See* Edward Decl., ¶¶3 and 4. Ms. Edward became involved on May 10,

8  2002 to take over Mr. Ertur's pending habeas corpus petition. *See* Edward Decl. at ¶3.

9      Ms. Edward withdrew from representation of Mr. Ertur on September 27, 2002. *See*

10  Edward Decl., ¶3. The withdrawal was motivated both by Mr. Ertur's failure to provide her

11  complete and truthful information about his past, *see* Edward Decl., ¶11, and by his failure to

12  pay any of her bill. *See* Edward Decl., ¶7. No deadlines elapsed during Ms. Edward's

13  representation of Mr. Ertur. *See* Edward Decl., ¶3.

14      After Ms. Edward withdrew, Mr. Ertur was unable to find counsel who would

15  represent him in his habeas corpus and immigration matters. *See* Report of Nightingale at

16  pp. 16-17, Ex. B, Second Decl. Howard. He was interviewed by a pro bono professional at

17  Northwest Immigrant Rights Project ("NWIRP") who informed him of his options to request

18  relief under the Violence Against Women Act ("VAWA"). *See* Letter dated 11/7/2002 from

19  NWIRP to Bulent Ertur, attached as Exhibit S, Edward Decl. at pp. 62-63, Docket No. 12 as

20  filed 12/27/2005. Although Mr. Ertur could have filed a self petition at that time and sought

21  additional time to provide supporting evidence, he did not do so. Much of the critical

22  information he subsequently relied upon, including the findings of fact and conclusions of

23  law from his divorce matter, did not yet exist. *See*, Expert Report of Zachary Nightingale

24  (Nightingale Report), at p. 10, Ex. B to Second Decl. of Christopher Howard dated January

25  16, 2007.

26      Mr. Ertur's divorce proceeding went to trial in August, 2003. Findings of facts and

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   conclusions of law favorable to Mr. Ertur were entered on August 8, 2003. With the support

2   of those findings he then filed a self petition for VAWA relief. *Id.* This was initially

3   granted, Ex. A, Docket No. 19-1, Motion for Reconsideration, although it has more recently

4   been reopened and its status is currently unclear. *See* Second Decl. of Howard, Ex. A.

5        While the I360 petition was pending, a Motion to Reopen was filed with the

6   immigration court via subsequent counsel, Mr. Manuel Rios. This motion was denied by the

7   immigration court on December 1, 2004, finding that Mr. Ertur had not proceeded in due

8   diligence and finding that there was no indication that Mr. Ertur could have obtained any

9   different result given Mr. Frick, the original counsel, missing the original appeal date. *Id.* A

10  Motion to Reconsider was also denied. After that, that Mr. Ertur obtained an I-360 from his

11  VAWA petition. At that point, both Mr. Ertur and his then attorney of record on the

12  immigration matters, Mr. Chabuk, apparently failed to obtain any stay of removal prior to the

13  day he was removed. Nightingale Report at p. 12. (*See* Second Decl. of Christopher Howard

14  dated January 16, 2007). And, the I360 itself does not entitle Mr. Ertur to stay in this country

15  if he is otherwise ineligible. Report of Nightingale at pp. 18-19.

16       Following the initial granting of the I360, there was never a new stay of removal filed

17  with the appropriate forum, the Board of Immigration Appeals. This would have been the

18  appropriate step to attempt to allow Mr. Ertur to stay in the country. *Id.* at 18. All of this

19  occurred long after Ms. Edward was no longer involved in the representation of Mr. Ertur.

20  *See* Report of Nightengale, pp. 17-19 for a more detailed discussion of the inappropriate

21  step(s) that were not taken following the approval of the I360. Failure to take steps to allow

22  Mr. Ertur to remain in the country, both before and after Ms. Edward's representation of

23  Mr. Ertur, is unrelated to that representation.

24       B.    Procedural Facts

25       Plaintiff filed this complaint for legal malpractice and damages on September 15,

26  2005. Plaintiff alleges jurisdiction based upon diversity of citizenship and amount in

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1   controversy.  Amended Complaint, Docket 5, ¶1.1.

2       Defendant filed a motion to dismiss pursuant to FRCP 12(b) and FRCP 56 and noted

3   it for hearing without oral argument on January 20, 2006.  That motion was initially granted

4   by order of this Court on February 27, 2006, Docket No. 17.

5       Plaintiff moved for reconsideration on March 10, 2006, Docket No. 19.  Plaintiff's

6   motion was relying heavily on the documents in the VAWA petition which were attached to

7   his motion, and the argument that the subsequent granting of VAWA relief established the

8   legal basis for plaintiff's claim.  Docket No. 19, page pp. 6-8.  This Court granted the motion

9   for reconsideration on April 28, 2006, Docket No. 27.

10      Discovery in this matter is now closed.  Before the close of discovery defendants

11  provided a detailed expert report on the deadline set forth for expert disclosure.  Plaintiff

12  made no offer of any expert disclosure or expert report on or near the disclosure deadline.

13  One month later, plaintiff filed an "expert report" authored and signed by plaintiff's counsel

14  in this case, Ahmet Chabuk., Docket No. 32.

15      Defendants now move this Court for summary judgment at the conclusion of

16  discovery because plaintiff cannot establish key issues of his case, including both breach of

17  the standard of care and causation.

18                       IV.     EVIDENCE RELIED UPON

19      This motion is based upon:

20  (1)     the declaration of Carol L. Edward dated December 23, 2005, which is

21          already on file with this Court, Docket No. 12;

22  (2)     the declaration of Christopher Howard dated December 27, 2005, which

23          is already on file with this Court, Docket No. 11;

24  (3)     the Second declaration of Christopher Howard, dated January 17, 2007,

25          with attachments, specifically including the Expert Report of Zachary M.

26          Nightingale, dated and signed under penalty of perjury October 19, 2006;

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

SEA/115062/147478/CHH/370017.1

(4)      Plaintiff Expert report of Ahmet Chabuk, dated November 20, 2006,

Docket No. 32 (the subject of the request to strike)

And all other materials already on file with this court.

## V.      AUTHORITY AND ARGUMENT

Plaintiff cannot blame his prior counsel, Carol Edward, for his being removed from the United States. His allegation is that she should have made him aware of potential relief under the Violence Against Women Act (VAWA) even if she did not believe he had such a meritorious claim, and that she allegedly failed to cooperate with other, subsequent counsel. His claim is without merit. A final order of removal had been entered against Mr. Ertur, and prior counsel for Mr. Ertur had missed the appeal deadline, all before Ms. Edward became involved in the case. No deadlines passed or were missed during or due to Ms. Edward's representation. Mr. Ertur's subsequent VAWA application was based upon materials that were not available during Ms. Edward's representation. Despite originally receiving a grant of VAWA relief, subsequent counsel did not take the appropriate steps to allow Mr. Ertur to stay in the U.S.. And, the relief he did receive is neither final nor does an I360 by itself entitle Ertur to stay in the country.

Ms. Edward should not be blamed for mistakes made by others before and after her representation of Ertur. Ms. Edward complied with the standard of care for an immigration attorney and her representation was not a proximate case of damage to the plaintiff.

The plaintiff's case is supported by: (1) mere allegation; (2) an assertion that because an I360 was subsequently granted, based upon information not known or available at the time of Ms. Edward's representation, that she should have pursued a VAWA application; and (3) the declaration of an "expert" who is plaintiff's own counsel and who was the subsequent counsel who failed to take the necessary steps to protect Mr. Ertur from removal when the I360 was granted. This should not be enough to survive this motion for summary judgment given the qualified and extensive expert report filed on behalf of defendant, the underlying

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1  immigration law, as set forth in the expert report, and the lack of any evidence by plaintiff of

2  any causal link between the actions of defendant and the injury claimed (removal from the

3  U.S.).

4  **A.    Standard for Summary Judgment**

5      Summary Judgment is appropriate at the conclusion of a case when it is clear that the

6  party with the burden of proof can not prove an essential element of his case. *Celotex Corp.*

7  *v. Catrett*, 477 U.S. 317, 322, 106 S Ct 2548, 91 L Ed 2d 265 (1986). And, as in *Celotex*,

8  here the motion is brought at the conclusion of discovery. The defendants here have

9  provided both substantial factual and expert support for their motion to show that the plaintiff

10 can not provide a breach of duty, or proximate cause of the claim to damages. Once that

11 burden has been carried by the moving party under FRCP 56, the opposing party may not

12 rest upon its allegations, denials, or mere speculation. *See Anderson v. Liberty Lobby, Inc.,*

13 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); and *Matsushita Elec. Indus.*

14 *Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 538 (1986).

15     Here defendant supports this motion with an expert opinion incorporating an

16 extensive factual review establishing both that the defendant complied with the standard of

17 care and that there was no causal connection between the defendant's acts or omissions and

18 the plaintiff's claimed harm. The plaintiff should not be allowed to rest upon mere

19 allegations or to rest upon arguments of his counsel, even if cloaked as an "expert report."

20     For Mr. Ertur to survive this motion and to have a claim, he must show both facts and

21 law to establish all of the elements of a malpractice claim against Ms. Edward. This includes

22 duty (at a time when she represented him), breach of that duty, and causation. Defendants

23 submit that one or more of these elements will require expert testimony in the context of this

24 case. Plaintiff has not submitted timely competent qualified expert testimony that may be

25 used at trial. Plaintiff has only submitted an untimely report from plaintiff's own counsel.

26 Plaintiff's claim will fail on one or all of the necessary elements.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

SEA/115062/147478/CHH/370017.1

## B.    The Standard for Legal Malpractice

This claim has been brought in this court on diversity jurisdiction.  Amended Compl. ¶1.1, Docket No. 5.  Washington substantive law applies *Erie R.R. v. Tomkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).    This motion will attempt to avoid restating the argument already set forth before the court in the defendant's first motion.  A few salient cases bear repetition.  The essential elements of legal malpractice action are set forth in *Ang v. Martin*, 154 Wn 2nd 477, 114 P3d 637, 640 (2005):

(1)    The existence of an attorney-client relationship which give rise to a duty of care on the part of the attorney to the client;

(2)    An act or omission by the attorney in breach of the duty of care;

(3)    Damage to the client; and

(4)    Proximate causation between the attorney's breach of the duty and the damage incurred.

The plaintiff bears the burden of proving each element. *Hansen v. Wightman*, 4 Wn App 78, 88, 538 P2d 1238 (1975).

Although there is no specific hard and fast rule necessarily always requiring expert testimony to establish the standard of care, an expert testimony will frequently be necessary to establish elements of the case of malpractice. *See Walker v. Bangs,* 92 Wn 2nd 854, 858, 601 P2d 1279 (1979); *Lynch v. Republic Publishing,* 40 Wn 2d 379, 389, 243 P2d 638 (1952).  By analogy to other professional negligence actions in Washington, where expert testimony is required, and where the defendant has brought forth a supporting expert, the plaintiff's case should be dismissed where the plaintiff cannot bring forth competent and admissible expert testimony. *Young v. Key Pharms., Inc.*, 112 Wn. 2d 216, 228-229, 770 P.2d 182 (1989).

In some cases, elements of breach of duty and proximate causation may be deemed to be questions of law appropriately decided by the court itself. *Brust v. Newton,* 70 Wn App

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL: Case No. 05-1532 JLR - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1  286, 290-93, 852 Pd 1092 (1993) *review denied*, 123 Wn 2d 1010 (1994).  *See* also *Nielson*

2  *v. Eisenhower and Carlson,* 100 Wn App 584, 594, 993 Pd 42 (2000) (where the court held

3  in determination of whether an appellate court would have granted review was a question of

4  law for the court's resolution).

5      Defendants Edward have supported this motion with a competent and detailed expert

6  report.  *See* the Report of Nightingale, Ex. B, Sec. Decl. Howard dated January 17, 2007.

7  The plaintiff has submitted only the report of his current counsel in this case, which is neither

8  competent nor qualified expert testimony as well as being untimely by this Court's order.

9      **C.    The Defendants Have Met Their Burden to Establish No Material Issue**

10  **of Fact.**

11      1.    Nightingale Establishes Edward Complied With the Standard of Care and

12  Was Not the Cause of Harm to Plaintiff

13      Defendants Edward have shown that Edward complied with the standard of care.  She

14  assumed representation of a habeas corpus case after a final order of removal had been

15  entered.  She evaluated the client's options.  At the time, there were multiple reasons why a

16  VAWA claim would not only be inappropriate, but might actually hurt Mr. Ertur in other

17  matters.  *See* Report of Nightingale, pp. 13-14, Ex. B, Sec. Decl. Howard.  At most, the

18  plaintiff might argue that he disagrees with Ms. Edward's judgment in this matter.  Errors in

19  judgment should not be the basis for establishing a legal malpractice action.  *Halverson v.*

20  *Ferguson,* 46 Wn. App. 708, 717, 735 P.2d 675 (1986).  There is neither any pragmatic

21  common sense reason why a lay person should infer malpractice nor any admissible and

22  competent or timely disclosed expert testimony to criticize the legal representation she

23  provided.

24      Defendant has also established several reasons why the alleged failure of Ms. Edward

25  is not a proximate cause of the ultimate outcome and damages alleged in this case.  These

26  reasons are set forth in detail throughout the Expert Report of Zachary Nightingale and are

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
205.622.1711

SEA/115062/147478/CHH/370017.1

1  summarized at pages 18-20 below.  These include highly technical questions of law which

2  should either be legal questions for the court to resolve, thus amenable to summary

3  judgment, or subject to expert testimony.  Once again, plaintiff has not provided timely,

4  competent or admissible expert testimony to create a material issue of fact to block summary

5  judgment on the causation issues.

6     2. <u>Plaintiff's Counsel's "Expert Report" Should be Stricken</u>

7     Plaintiff has filed an untimely "expert report" authored and signed by his own

8  counsel.  This should not be allowed and the report should be stricken, both because it is in

9  violation of Washington's Rules of Professional Conduct (RPC) and because he has not

10  established an adequate foundation to qualify as an expert.  In addition, the expert report

11  disclosure was one month late, and not in compliance with this Court's deadlines established

12  in its minute order of June 2, 2006.

13     (a) *The Lawyer may not Testify as an Expert Witness in the Same Matter*

14     A Washington lawyer generally may not act as both advocate and witness in a matter.

15  This is specifically proscribed by Washington's RPC 3.7:

16
17     (a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to
   be a necessary witness unless:

18       (1)  the testimony relates to an uncontested issue;
     (2)  the testimony relates to the nature and value of legal services

19       rendered in the case;
     (3) disqualification of the lawyer would work substantial hardship on

20       the client; or
     (4)  the lawyer has been called by the opposing party and the court

21       rules that the lawyer may continue to act as an advocate.

22     Here, exceptions 1, 2 and 4 clearly do not apply.  The plaintiff's counsel should not

23  be allowed to claim exception 3 (substantial hardship) to allow him to serve as both counsel

24  and expert in the case.  Otherwise, anytime a party needed an expert and could not find one,

25  they could simply use their own attorney to fill that role.  That is what Plaintiff seeks to do in

26  this case.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1    Defendants have a right to object to this testimony under the comments to the RPCs

2  (which have been adopted in Washington). "The opposing party has proper objection where

3  the combination of roles may prejudice that party's rights in the litigation."  Comment 2, in

4  part, to Washington RPC 3.7.   Here, the mixture of the role of advocate and legal

5  malpractice "expert" falls into the category of testimony that would be prejudicial to allow.

6  "Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice

7  depends on the nature of the case, the importance and probable tenor of the lawyer's

8  testimony, and the probability that the lawyer's testimony will conflict with that of other

9  witnesses."  Comment 4, in part, to Washington RPC 3.7.  Mr. Chabuk's proffered expert

10  report is in response to the timely expert report of Zachary Nightingale, and directly

11  contradicted by it, placing the proffered testimony as central to what is in dispute in this case.

12    Plaintiff's counsel's proffering himself as an expert is audacious enough that finding

13  authority directly on point is difficult.  The closest published opinion found to a comparable

14  ethical provision is *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 128 Ariz. 99, 624

15  P.2d 296 (1981), where the Arizona Supreme Court ruled that the trial judge did not abuse

16  his discretion by ruling that an attorney could not both try the matter and testify as a witness

17  in the same proceeding.  The Arizona Supreme Court reviewed case law from around the

18  country in concluding that even if an attorney were competent to testify he may not be

19  allowed to testify (or may be disqualified from representation).

20    The attorney may be disqualified not because his testimony is incompetent but

21  because of the dangers of prejudice inherent in the practice.  [Citations omitted]

22  *Cottonwood Estates*, 128 Ariz. at 102, 624 P.2d at 299.

23    The Court went on to observe:

24
       A review of cases from other jurisdictions reveals that courts normally
25     refuse to condone the practice of acting as both advocate and witness in
       the same proceeding.  [Citations omitted]  Even though the attorney is
26     otherwise competent to testify, it is generally considered a serious breach

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

SEA/115062/147478/CHH/370017.1

1   of professional etiquette and detrimental to the orderly administration of
2   justice for an attorney to take the stand in a case he is trying. [Citations omitted]

3   *Cottonwood Estates*, 128 Ariz. at 102, 624 P.2d at 299.

4   The court in *Cottonwood* disqualified the attorney from representing the party in the

5   case. It noted the option of disallowing the testimony:

6   We would like to believe an attorney who recognizes that he ought to be
7   called as a witness would withdraw out of respect for the profession of
    which he is a member and the court of which he is an officer rather than
8   out of fear of discipline. In any event, when the court is faced with an
    attorney who refuses to withdraw and insists on taking the stand, the court
9   may in its discretion disallow the testimony, disqualify the attorney, or
10  impose any other procedural safeguards necessary to preserve the integrity
    of the fact finding process. If the court finds unethical considerations
11  raised by such testimony constitute prejudice great enough to outweigh the
    probative value of otherwise relative evidence, the testimony may be
12  disallowed. [Citations omitted]

13  *Cottonwood Estates*, 128 Ariz. at 105, 624 P.2d at 302. Washington's current RPC 3.7 is

14  substantially similar to the rule reviewed by the court in *Cottonwood*.

15  Here, Mr. Chabuk may or may not have put himself forward as a factual witness

16  (because in his expert report he appears to rely upon his own telephone conversations as

17  evidence) but has more directly offered himself as an expert where he was unable to find a

18  supportive expert in the case. This tactical ploy should not be allowed or condoned. His

19  expert report and proffered expert testimony should be stricken and disallowed.

20  Washington case law generally supports striking legal conclusions contained in

21  affidavits. *See e.g., King County Fire Prot. Dist. No. 16 v. Hous. Auth.*, 123 Wn.2d 819, 826

22  (1994) ("The legal opinions of witnesses are inadmissible."); *Parkin v. Colocousis*, 53 Wn.

23  App. 649, 653 (1989) ("Neither the trial court nor an appellate court can consider

24  conclusions of law"); *Hash v. Children's Orthopedic Hosp. & Med. Ctr.*, 49 Wn. App. 130,

25  133 (1987), *aff'd*, 110 Wn.2d 912, 757 P.2d 507 (1988) ("Conclusions of law stated in an

26  affidavit filed in a summary judgment proceeding are improper and should be disregarded.");

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   *Hiskey v. Seattle*, 44 Wn. App. 110, 113 (1986) ("An affidavit is to be disregarded to the

2   extent that it contains legal conclusions."); *Orion Corp. v. State*, 103 Wn.2d 441, 461-462

3   (1985) ("[t]o the extent the affidavit contained legal conclusions it is to be disregarded[.]").

4   While in Washington an affidavit or declaration from counsel may be allowed to lay

5   foundation or to establish facts about which the attorney has direct knowledge, legal

6   conclusions contained in such a declaration are to be disregarded or stricken. *See American*

7   *Linen Supply Co. v. Nursing Home Bldg. Corp.*, 15 Wn. App. 757, 763 (1976).

8             (b)      *Mr. Chabuk's Report Lacks Adequate Foundation to be Allowed*

9             Mr. Chabuk's proffered expert report should be excluded because he has not

10  established a sufficient foundation to be qualified as an expert on immigration law.  The

11  Supreme Court has stated that a trial judge has the capacity act as a gatekeeper by screening

12  evidence and only admitting relevant, reliable evidence. *Daubert v. Merrel Dow Pharm.*,

13  509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).  Under both Federal law and

14  Washington case law the trial court should require an expert to establish adequate expertise

15  before allowing expert opinion. *See, e.g., Harris v. Groth*, 99 Wn.2d 438, 450-451, 663 P.2d

16  113 (1983).  Mr. Chabuk has presented no evidence to establish he is qualified as an expert

17  on immigration law.

18            Mr. Chabuk's report establishes he is not a practitioner of immigration law. *See*

19  Chabuk's report at pp. 24-25.  Mr. Chabuk must show he is familiar with the practice of

20  immigration law to qualify as an expert in this case.  He has not.  In professional negligence

21  cases, simply having a degree in the right area of practice is not sufficient to establish

22  expertise in the relevant specialty.  This was clearly established in medical negligence in

23  *Young v. Key Pharmaceuticals*, 112 Wn.2d 216, 229, 770 P.2d at 182 (1989):

24         In fact, not even a medical degree bestows the right to testify on the
         technical standard of care; a physician must demonstrate that he or she has
25         sufficient expertise in the relevant specialty.  [citation omitted]

26

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   *Young v. Key Pharmaceuticals*, 112 Wn.2d at 229. The Young court upheld the trial judge's

2   exclusion of a pharmacologist's testimony to establish a physician's standard of care relating

3   to the use of a certain medication.  This rule continues to the present:

> The general rules that a practitioner of one school of medicine is incompetent
> to testify as an expert in a malpractice action against a practitioner of another
> school.

7   *Eng v. Klein*, 127 Wn. App. 171, 176, 110 P.3d 844 (2005).  In *Eng*, the court found that an

8   infectious diseases expert did lay sufficient foundation to establish the applicability of his

9   testimony with respect to the care required of a neurosurgeon regarding a particular

10  infectious disease. *Id.* at 179.  The Court found the expert laid sufficient foundation by

11  showing he had sufficient familiarity with the procedure at issue.  *Id.* at 177.  In the instant

12  case, Mr. Chabuk has not laid such a foundation.

14          There is no evidence before the court that establishes Mr. Chabuk is familiar with the

15  practice of immigration law.  Prior to this case, Mr. Chabuk never practiced or studied

16  immigration law.  Mr. Chabuk's expert report admits this and states, "[In 2002] I had a very

17  little knowledge of the immigration law."  Expert Opinion Report of Ahmet Chabuk, p. 23.

18  Despite this lack of familiarity, Mr. Chabuk attempts to lay a foundation for his opinions by

19  stating he completed legal research and he spoke to attorneys specializing in immigration

20  law.  *Id.*  Immigration law is a highly specialized and technical area of law that includes pre-

21  trial and court procedures that differ greatly from the general practice of law.  Mr. Chabuk's

22  limited study of immigration law shows that he does not have sufficient familiarity with

23  immigration law to render an expert opinion.  Mr. Chabuk's credentials with respect to an

24  immigration practitioner are inadequate, and should be rejected.  Mr. Chabuk's testimony

25  should be excluded in this regard.

26

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

SEA/115062/147478/CHH/370017.1

(c)     *Mr. Chabuk's Report Should Also Be Stricken Because It Was Not Timely Disclosed*

This Court issued an order providing that the deadline for disclosure of expert reports was October 19, 2006.  Plaintiff never requested or moved this court for a change in the scheduling order or for more time.  The parties never agreed to an extension or a change in the order to allow more time for the filing of a report.  Indeed, the necessity of expert testimony has been at the forefront of this case since the Court's June 2, 2006 order, Docket No. 30, providing the following:  Expert Witness Disclosure/Reports Under FRCP 26(a)(2) due by October 19, 2006.

At the time an expert report was due, plaintiff had retained an expert in the parallel case *Ertur v. Stroupe*.  *See* Second Decl. of Christopher Howard.  The deposition of that expert was one of the materials reviewed by Zachary Nightingale in preparation of his opinions in this case.  However, that expert was not named in this case and no report was ever filed from an independent expert in this case.  Instead, Mr. Chabuk filed an expert report authored and signed by himself on November 20, 2006, one month after the deadline for disclosure of expert reports.

## C.     Ms. Edward Acted Ethically In Not Pursuing VAWA

Ms. Edward was involved in the representation of Mr. Ertur for a short period of time after prior counsel had already missed the deadline for filing appeal on the final order of removal.  During that time, Ms. Edward did not pursue VAWA relief.  Ms. Edward did not feel it was appropriate, and highly qualified expert review of the facts of this case supports that assessment.  *See* Report of Zachary Nightingale at pp. 12-15.  Further, immigration is a civil proceeding so lawyers are held to a civil standard for their ethics in terms of only putting forth meritorious claims.  Ms. Edward should not be allowed to be sued for failure to put forth a claim she felt was not meritorious.

1.     Ms. Edward must be judged by information known or knowable at the time

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1    Ms. Edward complied with the standard of care in her representation of Mr. Ertur.

2  The representation was terminated because Mr. Ertur was not forthcoming and did not make

3  significant and material disclosures to her about pertinent matters, such as pending

4  antiharassment claims by Mr. Ertur's wife, and because he would not pay his bill for

5  representation.

6    The crux of Mr. Ertur's case against Ms. Edward has always been that somehow she

7  must have been negligent to not suggest proceeding with a VAWA claim because he was

8  subsequently able to get an I360 granted.  This is an inappropriate argument.  It seeks to hold

9  her accountable for judgments entered by information not known or knowable at the time.

10  And, it would hold Ms. Edward to a standard of submitting or recommending the submission

11  of potentially incomplete or misleading application materials, such as those submitted by Mr.

12  Ertur.  It is speculative whether there was information available to anyone at the time Ms.

13  Edward represented Mr. Ertur that would have supported a successful VAWA application

14  Report of Nightingale at p. 12, Ex. B, Sec. Decl. Howard.  But, from an expert review of the

15  information that was available, it was appropriate for her to not pursue such a claim or to

16  recommend pursuit of such a claim.  *Id*. at pp. 12-15.

17    The only evidence offered by plaintiff is a report authored by plaintiff's own counsel,

18  who is not disinterested and not qualified to testify as an expert and to be counsel at the same

19  time.  Even the fact that an I360 was subsequently granted[1] does not create an issue of fact as

20  to what the reasonable practitioner of immigration law should have done at the time Ms.

21  Edward represented Mr. Ertur.  The facts available were not the same.  And, not an area

22  readily amenable to lay assessment of the standard of care, such as the missing of the statute

23  of limitations by Mr. Ertur's prior counsel.  Here the expert testimony report of Mr.

24

25    [1] Although that matter has now been reopened at the initiative of the Vermont Service
Center, so the final resolution is unclear See Second Declaration of Christopher Howard,
26  dated January 16, 2007.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   Nightingale explains the fairly sophisticated immigration law and how that supports Ms.

2   Edward having complied with the standard of care.  That testimony is, in effect, unrefuted.

3   A summary judgment should be granted on the issue of standard of care, and plaintiff's claim

4   should be dismissed.

5    2. Ms. Edward's should not be held to a standard requiring her to pursue what
    she believes to be a meritless claim.

6

7   The testimony before the court establishes that Ms. Edward did not see a basis of

8   pursuing a VAWA claim.  Unlike criminal defense, immigration practitioners in the Ninth

9   Circuit are held to a civil standard with respect to bringing forth meritorious claims [add

10  citation].  Ms. Edward was ethically obligated to not pursue a VAWA claim in the absence of

11  perceiving any merit for such a claim.  Her lack of perceiving any merit is supported by

12  expert review of substantial file materials.  Report of Nightingale at pp. 12-15, Ex. B, Sec.

13  Decl. Howard.

14   Plaintiff cannot defeat this position by suggestion she should have educated him on

15  how to bring a VAWA claim even if she felt it lacked merit.  The rules of professional

16  conduct require the Washington lawyer to not assist in putting forth a claim which they

17  believe lacks merit.  RPC 3.1, as it was enacted at the time of this case, proscribed an

18  attorney from bringing a claim or defense unless there is a basis for doing so that is not

19  frivolous.

20   A lawyer shall not bring or defend a proceeding or assert or controvert an
   issue therein, unless there is a basis for doing so that is not frivolous ....

21

22  WA RPC 3.1 (pre-9/1/06 ver.)

23   The fact that the proceedings against Mr. Ertur were subsequently resolved and that

24  the divorce was subsequently resolved in his favor does not change the facts as they were

25  known to Ms. Edwards at the time.

26   Plaintiff's argument in effect would require Ms. Edward to have violated the rules of

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   professional conduct by either seeking to pursue a claim she felt lacked merit, or educating a

2   plaintiff on he might pursue a claim that lacked merit.  The fact that the claim may have had

3   more evidence to support it at a substantially later date or at the time Ms. Edward

4   represented Mr. Ertur there was not a substantial basis for bringing a VAWA claim.

5   Plaintiff's claim against Ms. Edwards should be dismissed.

6

7      **D.**    **Plaintiff can not Prove any Causation between his Alleged Damages and**

8                      **Ms. Edward's Representation**

9       Plaintiff's allegation that Ms. Edwards should have pursued a valid claim for relief

10  and/or informed him of the availability of such relief lacks any causal connection to his

11  claimed damages for several reasons:

12         •   Overall, the VAWA appeal process and various stays of removal and

13              motions to reopen that would be associated with the granting of an

14              I360 are all discretionary processes.  The outcome could not be

15              guaranteed or predicted, but would be appropriate for this Court to

16              review as a matter of law.  *See Brust v. Newton*, 71 Wn. App. 286, 852

17              P2d 1092 (1993) review denied 123 Wn.2d 1010 (1994); *Nielson v.*

18              *Eisenhower and Carlson*, 100 Wn. App. 584, 993 P.2d 42 (2000).

19         •   There has been no evidence presented by plaintiff that an earlier

20              application for VAWA would have achieved the same provision al

21              granting of an I360 that was achieved after the resolution of the

22              divorce.  There is contrary testimony provided in the expert report of

23              Zachery Nightengale.  *See* Report of Nightingale, pp. 13-15, Ex. B,

24              Sec. Decl. Howard;

25         •   There was evidence known at the time of potential marriage fraud

26              from this and Mr. Ertur's prior marriage.  Either of these would make

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1     Mr. Ertur ineligible for VAWA relief or for relief based upon the I360.

2     *Id.*

3   •   There has been no dispute that Mr. Ertur learned of the potential

4       VAWA relief before any deadline to move to reopen the court had

5       passed. Mr. Ertur did not make such a petition or a motion to reopen

6       to allow him to file for VAWA relief at that time, nor did he do so for

7       several months after that favorable divorce ruling. *See* Report of

8       Nightingale, pp. 15-16. There was a legal basis to seek to reopen at

9       that time, had it been brought appropriately. But it was not, and that

10      was not due to the representation of Ms. Edward;

11  •   Mr. Ertur did obtain an I360 approval from the Vermont Service

12      Center neither he nor his counsel at that time took appropriate steps to

13      reopen. *See* Report of Nightingale at pp. 16-18, Ex. B, Sec. Decl.

14      Howard. What steps were taken were rejected by the Court. *Id.*

15  •   The I360 in and of itself does not entitle Mr. Ertur to stay in the United

16      States, and Plaintiff has put forth no evidence to show that he would

17      be entitled to that relief even given his special immigrant petition

18      being granted. He must still show evidence that he would overcome

19      allegations of marriage fraud and other allegations that would make

20      him otherwise ineligible for consideration even with the I360

21      approval. *See*, 8 U.S.C. § 1182 and INA § 212.

22  •   Mr. Ertur's physical removal from the United States was specifically

23      due to his and his counsel's inaction between April 5, 2005 (when his

24      I360 was approved) and June 9, 2005. *See* Report of Nightingale, at p.

25      19, Ex. B, Sec. Decl. Howard;

26  •   Finally, to the extent that plaintiff's cases are all based upon inferences

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   to be drawn from the fact he was granted an I360 by the Vermont

2   Service Center that has been reopened, and is no longer a final

3   determination. *See* Exhibit A to Sec. Decl. of Howard.

4   The report of Zachary Nightingale clearly establishes that there was a two month

5   period of time that should have been sufficient to obtain a stay or removal based upon the

6   ultimate granting of the I360 in 2005. The absence of any appropriate action during that time

7   cannot be the responsibility of Ms. Edward. The failure to get his removal action reopened

8   was not due, in any way, to any misrepresentation of Ms. Edward.

9   Each of the bullet points above demonstrates a sufficient causal break between the

10  allegations against Ms. Edwards and the allegations of damages by the plaintiff. Plaintiff can

11  show no facts or law to support a claim in light of each of these breaks in the causal chain.

12  The Plaintiff's claims should be dismissed.

13  **E.      At Best, Ertur's Case Rests on Speculation**

14  To the extent that Plaintiff's case is premised upon making an inference from the

15  granting of I360 that there was a basis for filing for such relief at an earlier time, that

16  inference is flawed because the I360 itself does not confer the benefit of allowing Ertur to

17  stay in the United States; he must still prove he is otherwise eligible. And any such inference

18  is destroyed by the government's reopening of Mr. Ertur's case upon their own initiative.

19  Mr. Ertur does not have a determination that he is entitled to VAWA relief at this time. Any

20  argument seeking to judge prior counsel on his subsequent obtaining of VAWA relief should

21  be rejected.

22  F.      **Conclusion**

23  Ertur was removed from this country because he lost his Hearing before the

24  immigration court. A prior counsel missed the filing date for the appeal. All motions to

25  reopen before the "Bureau of Immigration" were found to lack merit. Even when he

26  obtained an I360 through his petition for VAWA relief, he and the counsel he had at the time

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
DISMISSAL: Case No. 05-1532 JLR - 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   failed to seek relief at the appropriate jurisdictional level (the BIA), and he was removed.

2   All of these reasons are unrelated to the representation of Mr. Ertur by Ms. Edward. Ms.

3   Edward complied with the standard of practice when she represented Mr. Ertur. The claims

4   against Defendants should be dismissed, with prejudiced, and costs.

5                    VI.    PROPOSED ORDER

6       A proposed order is attached.

7

8       Dated this 17th day of January, 2007.

9                           SCHWABE, WILLIAMSON & WYATT, P.C.

10

11                    By:   _____

12                        Christopher H. Howard, WSBA #11074
                             David R. Ebel, WSBA #28853

13                             Attorneys for Defendants
                             Carol L. Edward and Jesse F. Berger

14

15

16

17

18

19

20

21

22

23

24

25

26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1

2

3

4

5

6

7
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON

8

9   BULENT ERTUR, a single man,                Case No. 05-1532 JLR

10                  Plaintiff,                  PROPOSED ORDER

11  v.

12  CAROL L. EDWARD and JESSE F.
    BERGER, husband and wife, and the marital
13  community composed thereof; CAROL L.
    EDWARD, P.S., a Washington Professional
14  Service Corporation doing business in
    Washington,
15

16                  Defendants.

17          This matter, having come on before the Court on Defendants' Motion for Summary

18  Judgment and Motion to Strike the Expert Report of Ahmet Chabuk, and the Court having

19  reviewed the file, and having specifically reviewed:

20          1.      Defendants' Motion for Summary Judgment of Dismissal and Motion to

21  Strike Expert Report of Ahmet Chabuk dated January 17, 2007;

22          2.      The Second Declaration of Christopher Howard in Support of Defendants'

23  Motion for Summary Judgment dated January 17, 2007, specifically including Exhibit B to

24  that Declaration, the Expert Report of Zachary M. Nightingale dated October 19, 2006;

25          3.      Declaration of Carol L. Edward dated December 23, 2005, which is already

26

PROPOSED ORDER: Case No. 05-1532 JLR - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711

1   on file with this Court, Docket No. 12;

2       4.      Declaration of Christopher Howard dated December 27, 2005, which is

3   already on file with this Court, Docket No. 11;

4       5.      Plaintiff expert report of Ahmet Chabuk, dated November 20, 2006, Docket

5   No. 32;

6   and such pleadings as were filed by the Plaintiff in opposition to this motion, and the rest of

7   the pleadings on file in this case, and, having fully considered this matter, now therefore,

8       IT IS HEREBY ORDERED that the Expert Report of Ahmet Chabuk is stricken, and

9   the proffered testimony is disallowed;

10      IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is

11  granted, and Plaintiff's claims against Defendants are dismissed, with prejudice, and costs.

12      Dated this ____ day of February, 2007.

13

14

15                                        _____
                                          Judge James L. Robart

16  Presented by:

17  Schwabe Williamson & Wyatt

18  By: _____
        Christopher H. Howard, WSBA #11074
19      David R. Ebel, WSBA #28853

20

21  Copy received:

22  _____
    Ahmet Chabuk, WSBA #22543

23

24

25

26

PROPOSED ORDER: Case No. 05-1532 JLR - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA  98101
206.622.1711